IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Mikayh T. Salters *d/b/a Absolute Response Xpress*, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| Greenwood County Circuit Court, *8th Judicial Circuit Court*, | ) ) ) ) |
| Defendant. | ) ) ) |

Civil Action No. 8:21-cv-01595-TMC

**ORDER**

Plaintiff Mikayh T. Salters ("Plaintiff") brings this action against the Greenwood County Circuit Court of the 8th Judicial Circuit of South Carolina (the "State Court"). (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for pretrial handling. Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court summarily dismiss this action without issuance and service of process. (ECF No. 8). Plaintiff filed objections to the Report. (ECF No. 14). Accordingly, this matter is now ripe for review.

**BACKGROUND**

In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. (ECF No. 8 at 1–3). Briefly, Plaintiff seeks "to rectify the errors and reckless mistakes that [were] made in [his] past case under the [State Court] system." (ECF No. 1 at 5). Specifically, Plaintiff asserts that the State Court engaged in grossly negligent judicial conduct by failing to grant default judgment in favor of Plaintiff in his action before the

1

State Court, case number 2012-cp-24-00928 (the "State Court Action").[1] *Id*. at 5, 7. For relief, Plaintiff asks the court to adjudicate his underlying claims in the State Court Action and to grant him an order for default judgment, awarding Plaintiff damages in the amount of $287,500.00. *See id*. at 5.

**STANDARD OF REVIEW**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word

---

[1] The court takes judicial notice of Plaintiff's State Court Action. *See, e.g.*, *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (noting that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting "the most frequent use of judicial notice is in noticing the content of court records" (internal quotation marks omitted)).

2

for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

**DISCUSSION**

In her Report, the magistrate judge recommends that the court dismiss Plaintiff's complaint without issuance and service of process. *See* (ECF No. 8). First, the magistrate judge noted that the only basis for federal jurisdiction set forth in Plaintiff's Complaint are the alleged violations of Federal Rules of Civil Procedure 55(a) and 55(b)(1). *Id*. at 4; *see also* (ECF No. 1 at 3). The magistrate judge then properly determined that neither Federal Rules of Civil Procedure, nor any alleged violation thereof, are sufficient to support federal question jurisdiction. (ECF No. 8 at 4 (citing *Pineville Real Estate Operation Corp. v. Michael*, 32 F.3d 88, 90 (4th Cir. 1994)). Thus, the magistrate judge concluded that this court lacks subject matter jurisdiction because Plaintiff has failed to state a federal cause of action pursuant to 28 U.S.C. § 1331. *Id*. The magistrate judge further concluded that the *Rooker-Feldman* doctrine bars Plaintiff's claims and precludes this court from reviewing or substituting its judgment in the State Court Action. *Id*. at 5–7. Finally, the magistrate judge found that the defendant in this case is entitled to judicial immunity. *Id*. at 7–8. Specifically, the Report notes that "Plaintiff's claim is actually against the state court judge that denied his motion" for default judgment in the State Court Action. *Id*. at 7. Accordingly, the

magistrate judge concluded that, "because all of the alleged misconduct arose out of a judicial action, judicial immunity squarely applies and should bar this lawsuit against any state judge." *Id*. at 7–8. Therefore, the magistrate judge recommended this action be summarily dismissed. *Id*. at 8.

On June 21, 2021, Plaintiff filed objections to the magistrate judge's Report. (ECF No. 14). Plaintiff's only specific objection to the Report—his fourth objection—asserts that the magistrate judge erred in concluding that the State Court is entitled to immunity. *Id*. at 2–3. In particular, Plaintiff asserts that his "complaint is not targeting relief against the presiding [State Court] judge[,]" but rather seeks "to unveil the [State Court's] errors in [his State Court Action] and enforce the proper corrections specified in [his] request for relief." *Id*. at 2. Plaintiff then contradicts himself, however, by recognizing that his Complaint may "implicate[] the decisions made by individual judge(s)[,]" and requesting that this court "make all reasonable considerations to determine liability for relief from whatever parties[.]" *Id*. at 2–3. As the magistrate judge correctly found, and Plaintiff appears to concede, the claims raised for failure to enter default judgment in the State Court Action are properly raised against the presiding State Court judges, all of whom are entitled to absolute judicial immunity with respect to Plaintiff's claims. Accordingly, this objection is overruled.

The remainder of Plaintiff's objections simply state Plaintiff's disagreement with the Report or summarize Plaintiff's allegations in the Complaint which the magistrate judge already fully considered. *See generally id*. However, it is well-settled in this Circuit that "objections which "merely express disagreement with the magistrate judge's Report . . . in lieu of any actual argument or specific assertion of error in the magistrate judge's findings" do not constitute specific objections requiring *de novo* review by this court. *Lowdermilk v. LaManna*, Civ. A. No. 8:07-

2944-GRA, 2009 WL 2601470, at *2 (D.S.C. Aug. 21, 2009); *see also Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir. 1982) (noting that *de novo* review is not required where a party makes only general and conclusory objections that do not direct the court to a specific error in the Report). Additionally, objections which restate allegations and arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Thus, these objections fail to identify any factual errors or errors in the magistrate judge's analysis and do not constitute specific objections to the Report. Accordingly, the remainder of the Report and the magistrate judge's recommendations are reviewed only for clear error and the court need not provide any explanation for adopting the magistrate judge's recommendations. *Camby*, 718 F.2d at 199–200; *Dunlap*, 288 F. Supp. 3d at 662.

Having carefully and thoroughly reviewed the Report, the record, and Plaintiff's objections, the court agrees with the magistrate judge's conclusions that the court lacks subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 and the *Rooker-Feldman* doctrine, and that the State Court and the presiding judge(s) in the State Court Action are entitled to absolute immunity from suit as to Plaintiff's claims. *See* (ECF No. 8). Thus, the court finds no reason to deviate from the Report's recommended disposition and **ADOPTS** the magistrate judge's Report,

*id.*, and incorporates it herein.  Accordingly, this action is **DISMISSED** without issuance and service of process.

    **IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina  
June 30, 2021

NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.